# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **LIBERTY MUTUAL INSURANCE CO.,** : | |
| : | Case No. 2:09-cv-111 |
| **Plaintiff,** : | |
| : | Judge Holschuh |
| v. : | |
| : | Magistrate Judge Abel |
| **LARRY J. PETIT, et al.,** : | |
| **Defendants.** : | |
| : | |

## MEMORANDUM OPINION & ORDER

Plaintiff Liberty Mutual Insurance Company filed a declaratory judgment action against Larry Petit, Eric Petit, Leslie Petit, and the Estate of Karol Petit, seeking a declaration that no liability coverage existed under an insurance policy issued to Larry Petit's employer. Default was entered against Larry Petit. This matter is currently before the Court on Plaintiff's motion for default judgment against Larry Petit. (Doc. 18.) For the reasons stated below, the Court denies that motion without prejudice.

### I.  Background and Procedural History

Karol Petit died on November 15, 2005 as a result of a car accident in Louisiana. At the time, she was a passenger in a car being driven by her husband, Larry Petit. On that date, Larry Petit was employed by E.A. Renfroe, a risk management company that assists other insurance companies in adjusting claims following a catastrophe. E.A. Renfroe had assigned Petit to work as a temporary insurance adjuster for State Farm Insurance Company in Louisiana following Hurricane Katrina.

According to the Complaint, Karol Petit often accompanied her husband on his job. On the night in question, they left the local State Farm office and stopped by a drug store on a personal

errand on the way back to the RV park where they were staying. Larry was driving his own car. The car hydroplaned when it hit a puddle. It flipped over and came to rest in a body of water adjacent to the road. Karol died in the accident. Her son, Eric was appointed the executor of her estate. Eric, his sister Leslie, and the Estate then filed suit in the Franklin County Court of Common Pleas against Larry Petit alleging claims of negligence and wrongful death. Default judgment was entered against Larry Petit on the issue of liability.

Eric, Leslie, and the Estate subsequently notified Liberty Mutual Insurance Company of their belief that an insurance policy that Liberty had issued to E.A. Renfroe provides liability coverage for the accident. On February 17, 2009, Liberty filed this declaratory judgment action. Liberty contends that because Larry Petit is not an "Insured," as that term is defined in the policy, no liability coverage exists. Defendants Eric and Leslie Petit, along with the Estate, filed an Answer. Larry Petit, however, failed to respond to the Complaint and default was entered against him on September 1, 2009. Liberty has now moved for default judgment against Larry Petit, seeking declarations that Larry Petit does not qualify as an "Insured" and that the policy therefore provides no liability coverage.

## II. Analysis

Federal Rule of Civil Procedure 55(b)(2) permits the Court, in its discretion, to enter default judgment following the entry of default. As Plaintiff notes, courts do sometimes grant default judgment in declaratory judgment actions involving the question of coverage under insurance policies. See, e.g., Hartford Acc. & Indem. Co. v. Smeck, 78 F.R.D. 537 (E.D. Pa. 1978); Freeman v. State Farm Mut. Auto Ins. Co., 436 F.3d 1033 (8th Cir. 2006); Owners Ins. Co. v. James, 295 F. Supp.2d 1354 (N.D. Ga. 2003).

In this case, however, granting default judgment against Larry Petit could impair the rights of the other defendants who are not in default. In order to avoid logically inconsistent judgments in multi-defendant cases, "courts frequently prefer to delay the default judgment against defaulting defendants until the claims against the nondefaulting defendants are resolved." 10 James Wm. Moore et al., Moore's Federal Practice § 55.36[1] (3d ed.).

The nature of the relief demanded in this case – a declaratory judgment finding that Larry Petit is not an "Insured" and that no liability coverage exists – is obviously such that it must apply to all of the defendants or to none of them. As one court has explained in a similar case:

> Because of the nature of relief sought in this case, there is the potential for logically inconsistent judgments. For example, if [the nondefaulting parties] prevail on the merits, there will be a ruling that State Farm has a duty to indemnify Mr. Jackson and, therefore, is liable for the judgment rendered against Mr. Jackson in state court. On the other hand, with regard to Mr. Jackson, the default judgment has the effect of declaring that State Farm holds no legal duty to Mr. Jackson pursuant to the insurance policy. Clearly, such results would be illogical.

State Farm Mut. Auto. Ins. Co. v. Jackson, 736 F. Supp. 958, 961 (S.D. Ind.1990). See also Frow v. De La Vega, 82 U.S. (15 Wall.) 552 (1872) (holding that in a suit against multiple defendants, a default judgment should not be entered against one until the matter has been resolved as to all).

Under the circumstances presented here, the Court **DENIES** Liberty's motion for default judgment as to Larry Petit **WITHOUT PREJUDICE** to refiling once the claims against the nondefaulting defendants have been resolved.

**IT IS SO ORDERED.**

Date: October 1, 2009  **/s/ John D. Holschuh**
John D. Holschuh, Judge
United States District Court